Randy CHAMBERS, Petitioner-Appellant,

v.

STATE of Indiana, Respondent-Appellee.

No. 1–783A205.

Court of Appeals of Indiana,
First District.

Nov. 23, 1983.

---

NEAL, Judge.

## STATEMENT OF THE CASE

Petitioner-appellant, Randy Chambers (Chambers) appeals the trial court's ruling on his petition under Ind. Rules of Procedure, Post-Conviction Rule 1. For reasons hereafter stated, we conclude that proper jurisdiction of this appeal is in the Indiana Supreme Court. The procedural history of the case follows.

Chambers was sentenced on May 4, 1979, on three related felonies. Count I was rape, a Class B felony, and he received an enhanced sentence of 12 years. Count II was robbery, a Class C felony, for which he received five years to be served consecutively with Count I. Count III was confinement, a Class D felony, and his two year sentence for that offense was ordered to be served concurrently with Counts I and II. Chambers' appeal to the Indiana Supreme Court resulted in the convictions being affirmed. *Chambers v. State,* (1981) Ind., 422 N.E.2d 1198. Chambers then commenced the Post-Conviction Rule 1 proceedings on June 10, 1982. The trial court reduced the enhanced 12 year sentence on Count I to the standard ten year sentence because the reasons stated in the record for enhancement of the sentence were insufficient. The consecutive feature of the sentences was undisturbed.

## ISSUES

Chambers on appeal presents the following issues:

I. Whether the lower court erred in failing to find that the consecutive term of five years should run concurrently with the other sentences imposed in the case.

II. Whether Chambers' conviction violated Indiana laws in that he was arrested without a warrant and was not timely brought before a magistrate for a probable cause determination.

## DISCUSSION AND DECISION

Chambers himself questions whether the jurisdiction of this appeal lies in the Court of Appeals. He asks this court to make the jurisdictional determination, and if jurisdiction is found wanting, he requests that we order the appeal transferred to the Supreme Court.

Appellate jurisdiction is provided for in Ind. Rules of Procedure, Appellate Rule 4(A)(7), and Post Conviction Rule 1, Section 7 as follows:

A.R. 4(A)(7)

"Appeals in criminal cases from judgments (sentences) imposing a sentence of death, life imprisonment or a minimum sentence of greater than ten (10) years. If the appeal is from the denial of post-conviction relief, *jurisdiction shall be determined by reference to the sentence originally imposed;*"

P.C.R. 1(7)

"Appeal. An appeal may be taken by the petitioner of the State from the final judgment in this proceeding under rules applicable to civil actions. Jurisdiction for such appeal shall be determined *by reference to the sentence originally imposed.* The Supreme Court shall have exclusive jurisdiction in cases involving an original sentence of death, life imprisonment or a minimum sentence of greater than ten (10) years and the Court of Appeals shall have jurisdiction in all other cases." (Emphasis added).

The state urges that the reasons stated by the court to enhance the sentence on Count I at the original sentencing hearing on May 4, 1979, were adequate, and the court erred in the P.C.R. 1 hearing in modifying it. The state asks that the original sentence be reinstated. In addition, the state argues that jurisdiction is in the Supreme Court.

A.R. 4(A)(7) and P.C.R. 1(7) refer to the original sentence as the determinant of appellate jurisdiction in plain, unambiguous words. Therefore, jurisdiction of the P.C.R. 1 appeal, as well as the original appeal, is in the Supreme Court. This result is compelled further in this instance by the procedural posture of this case. This case has been once submitted to the Supreme Court. Since the state may appeal a ruling on a P.C.R. 1 under subsection (7), it may, of course, present cross-errors. In the instant case, it has asked for the affirmative relief of reinstatement of the 12 year sentence on Count I. Should the state prevail, then the original 12 year sentence becomes the sentence under consideration, and as such it mandates Supreme Court jurisdiction.

We direct that the cause be transferred under A.R. 15(M) to the Supreme Court.

ROBERTSON, P.J., and RATLIFF, J., concur.